**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-13CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-13CB,<br><br>          Plaintiff,<br><br>vs.<br><br>SATICOY BAY LLC SERIES 6773 GRANITE RIVER,<br><br>          Defendant. | 2:18-cv-00217-JCM-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>MOTION TO STRIKE [ECF NO. 42] |

   Before the Court is Plaintiff Bank of New York Mellon's Renewed[1] Motion to Strike Counterclaim.  (ECF No. 42).  For the reasons discussed below, Plaintiff's motion should be granted.

**BACKGROUND**

   This case deals with a homeowners association foreclosure sale.  (ECF No. 24 at 1-2).  Defendant Saticoy Bay did not file an answer initially, instead filing a motion to dismiss the complaint.  (ECF No. 7).  The parties also "filed cross-motions for summary judgment, requesting the court to resolve whether the foreclosure sale extinguished [Plaintiff's] deed of trust."  (ECF No. 24 at 2-3).  The Court found that the foreclosure sale did not extinguish the deed of trust, granted Plaintiff's motion for summary judgment, denied Defendant's motion to dismiss and motion for summary judgment, and directed the Clerk to "enter judgment accordingly and close the case."  (*Id.* at 8).

---

[1] The Court previously denied a motion to strike due to a pending appeal in the case.  (ECF No. 34).  The appeal has been resolved.  (ECF No. 41).

1

Almost two months after the Court denied Defendant's motion to dismiss, Defendant filed an answer to the complaint and counterclaim. (ECF No. 32). Plaintiff now moves to strike the answer and counterclaim, arguing the pleading is untimely and procedurally improper. (ECF No. 42 at 3). Defendant did not oppose the motion to strike.

**ANALYSIS**

Defendant's answer and counterclaim was untimely. When a party files a motion to dismiss, "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). Defendant waited until almost two months after the Court denied Defendant's motion to dismiss to file its answer and counterclaim. (ECF Nos. 24, 42). Defendant also waited until the Court granted Plaintiff's motion for summary judgment and directed the Clerk to "enter judgment accordingly and close the case." (ECF No. 24 at 8).[2] In addition, under LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion." Because Defendant failed to file a response to Plaintiff's motion to strike, Defendant has consented to the Court granting the motion.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff's Renewed Motion to Strike Counterclaim (ECF No. 42) be GRANTED.

DATED this 26th day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes Defendant's motion to alter or amend judgment was pending at the time that Defendant filed its answer and counterclaim. (ECF No. 27). The motion has been denied. (ECF No. 35).