UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>Plaintiff(s),<br><br>v.<br><br>SATICOY BAY LLC SERIES 6773 GRANITE RIVER,<br><br>Defendant(s). | Case No. 2:18-CV-217 JCM (VCF)<br><br>ORDER |

Presently before the court is Magistrate Judge Cam Ferenbach's report and recommendation ("R&R") in the matter of *Bank of New York Mellon v. Saticoy Bay*, case number 2:18-cv-00217-JCM-VCF. No objections have been filed, and the deadline for doing so has passed.

Magistrate Judge Ferenbach ruled in his report and recommendation that Bank of New York Mellon's ("BNYM") renewed motion to strike counterclaim (ECF No. 42) should be granted because Saticoy Bay failed to file a timely answer and counterclaim. (ECF No. 43).

When a court denies a motion to dismiss, the submitting party has fourteen days to serve a responsive pleading. Fed. R. Civ. P. 12(a)(4)(A). The magistrate judge found that after the court denied Saticoy Bay's motion to dismiss on January 15, 2019 (ECF No. 24), Saticoy Bay waited until March 14, 2019—almost two months later—to submit its answer and counterclaim (ECF No. 32). The magistrate judge then found that Saticoy Bay also waited to submit its answer and counterclaim until after the court granted BNYM's motion for summary judgement and directed the clerk to "enter judgement accordingly and close the case." (ECF No. 24 at 8).

**James C. Mahan**
**U.S. District Judge**

Under local rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion." The magistrate judge found that Saticoy Bay failed to file a response to BNYM's renewed motion to strike counterclaim. (ECF No. 43).

Thus, the magistrate judge recommends granting BNYM's renewed motion to strike counterclaim.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

Nevertheless, this court conducted a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and underlying motion, this court finds good cause appears to adopt the magistrate judge's findings in full.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Ferenbach's report and recommendation (ECF No. 43) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that BNYM's renewed motion to strike counterclaim (ECF No. 42) be, and the same hereby is, GRANTED.

. . .

**James C. Mahan**
**U.S. District Judge**

The clerk shall enter judgment accordingly and close the case.

DATED January 24, 2020.

_____
UNITED STATES DISTRICT JUDGE